UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

GUY BERNARD MUNSCH II,

    Plaintiff,

v.

PETER ALBRECHT and
BRUCE KRUGER,

    Defendant.

Civil No. 05-2797 (DSD/JJG)

**REPORT AND RECOMMENDATION**

---

Plaintiff, a Texas prison inmate, commenced this action by filing a self-styled complaint, (Docket No. 1), by which he is seeking relief for alleged violations of his federal constitutional rights. The matter has been referred to this Court for initial screening pursuant to 28 U.S.C. § 1915A, and for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1.[1]

For the reasons discussed below, the Court finds that Plaintiff's complaint fails to state a claim on which relief can be granted, because both of the named Defendants are fully immune from the claims Plaintiff is attempting to bring here. The Court will therefore

---

[1] Plaintiff did not pay the $250 filing fee for this action when he filed his complaint, but instead applied for leave to proceed in forma pauperis, ("IFP"). (Docket No. 2.) The Court found Plaintiff's IFP application to be deficient, and he was therefore directed to file an amended IFP application and pay the initial partial filing fee required by 28 U.S.C. § 1915(b)(1). (See Order dated December 9, 2005; [Docket No. 3].) Plaintiff filed an amended IFP application on December 28, 2005, (Docket No. 4), but he still has not paid any initial partial filing fee. It appears from Plaintiff's amended IFP application, however, that he may be unable to pay the initial partial filing fee required by § 1915(b)(1). Therefore, the Court finds, at least for now, that Petitioner has "no assets and no means by which to pay the initial partial filing fee," (28 U.S.C. § 1915(b)(4)), and that this matter should proceed directly to the initial screening process prescribed by § 1915A.

recommend that this action be summarily dismissed pursuant to § 1915A(b).

**I. BACKGROUND**

This lawsuit stems from certain probate proceedings conducted in the state district court for Hennepin County, Minnesota, which pertained to the estate of Plaintiff's grandmother. The presiding judicial officers in the probate proceedings were Defendants Peter Albrecht, a state district court judge, and Bruce Kruger, who is identified as a "referee" of the state district court.

Plaintiff contends that he was entitled to receive an inheritance of more than $63,000 from his grandmother's estate. However, Plaintiff's sister allegedly sought an injunction that would bar him from receiving his expected inheritance. Plaintiff alleges that Defendants granted his sister's request, and issued an injunction in the state court probate proceedings that "deprived [him] of his property."

In the present action, Plaintiff claims that Defendants violated his federal constitutional rights, under the First, Sixth and Fourteenth Amendments, by not affording him notice and an opportunity to be heard on his sister's request for an injunction, and by actually entering the injunction that allegedly deprived him of his expected inheritance. Plaintiff apparently is not sure whether Judge Albrecht or Referee Kruger is primarily responsible for the alleged deprivation of his constitutional rights. His complaint refers to both of them jointly as "Judge," and he claims that both of them, as the presiding judicial officers in his grandmother's probate proceedings, should be held liable for the alleged violations of his federal constitutional rights. He is seeking a judgment that would compel Defendants to "release" his alleged inheritance to him.

## II. DISCUSSION

Because Plaintiff is a prisoner who is seeking redress from governmental employees, his complaint is subject to preliminary "screening" pursuant to 28 U.S.C. § 1915A. That statute, which is part of the Prison Litigation Reform Act of 1995, ("the PLRA"), requires federal courts to screen the pleadings in all civil actions brought by prisoners against governmental entities or employees "before docketing, if feasible or, in any event, as soon as practicable after docketing." 28 U.S.C. § 1915A(a). The Court must determine which aspects of the pleading are actionable and should be allowed to proceed. If a prisoner-plaintiff has failed to plead a claim on which relief can be granted, or if the named defendants are immune from being sued, his action must be summarily dismissed. 28 U.S.C. § 1915A(b)(1). In this case, the Court finds that Plaintiff has failed to state any cause of action on which relief can be granted, because both of the named Defendants are immune from the claims that Plaintiff is attempting to bring against them.

Plaintiff's claims against Defendants Albrecht and Kruger are clearly barred by the doctrine of judicial immunity. It is well-settled, under both federal and state law, that judges are completely immune from civil lawsuits based on claims of alleged wrongdoing during the performance of their judicial functions. Pierson v. Ray, 386 U.S. 547, 553-54 (1967); Stump v. Sparkman, 435 U.S. 349, 355-57 (1978); Mireles v. Waco, 502 U.S. 9, 11 (1991); Liles v. Reagan, 804 F.2d 493, 495 (8th Cir. 1986). See also Hoppe v. Klapperich, 224 Minn. 224, 234 (1947) ("'it is unquestionable, and has been from the earliest days of the common law, that a judicial officer cannot be called to account in a civil action for his determinations and

acts in his judicial capacity, however erroneous or by whatever motives prompted'"), quoting Stewart v. Case, 53 Minn. 62, 66 (1893).

Judicial immunity is afforded not only to those who possess the title of "judge," but to all who act as presiding officials in judicial or quasi-judicial proceedings. Cleavinger v. Saxner, 474 U.S. 193, 200 (1985) (noting that the protection of "absolute immunity" has been extended to "others who perform functions closely associated with the judicial process"). "The desirability of... freedom of judicial action applies equally to court-appointed referees and receivers, and brings them within the cloak of judicial immunity." Drexler v. Walters, 290 F.Supp. 150, 154 (D.Minn. 1968).

Based on the allegations in Plaintiff's complaint, there can be no doubt that Referee Kruger is entitled to judicial immunity to the same extent as Judge Albrecht. See id. (dismissing civil rights action against Minnesota state court referee, because of judicial immunity). See also Littleton v. Fischer, 530 F.2d 691, 692 (6th Cir. 1976) (per curiam) (state court referee entitled to full judicial immunity); McCrum v. Elkhart County Department of Public Welfare, 806 F.Supp. 203, 208 (N.D.Ind. 1992) (civil rights claim against state court referee barred by judicial immunity).

Plaintiff obviously is attempting to sue Defendants Albrecht and Kruger for actions they allegedly performed (or failed to perform) while serving as the presiding judicial officers in his grandmother's probate proceedings in the state district court. Indeed, Defendants' alleged issuance of an injunction, which is the basis for Plaintiff's claims here, is a quintessential example of an action taken by a judicial officer in his or her judicial capacity. Therefore, the claims that Plaintiff is currently attempting to bring against Defendants in this action are

undoubtedly barred by the doctrine of judicial immunity.[2] **III. CONCLUSION**

For the reasons discussed above, the Court concludes that Plaintiff has failed to state any cause of action on which relief can be granted, and that this case must be summarily dismissed pursuant to 28 U.S.C. § 1915A(b).  Because Plaintiff has not stated a viable claim in his complaint, his application for leave to proceed IFP, (see n. 1, supra), must be denied. See 28 U.S.C. § 1915(e)(2)(B)(ii).  Notwithstanding the dismissal of this action, Plaintiff shall remain liable for the unpaid balance of the $250 filing fee.[3]  To date, he has paid no fee at all, so he still owes the full $250.  Prison officials will have to deduct that amount from his prison trust account and pay it to the Clerk of Court in the manner prescribed by 28 U.S.C. §

---

[2] The Court further notes that Plaintiff is seeking an order that would compel Defendants to "release" his alleged inheritance to him.  Thus, he apparently wants this Court to step into a state court probate proceeding, and dictate to the state judicial officers how they should perform their judicial duties.  Needless to say, such relief is not available in federal court.  It is well-settled that "a federal court has no jurisdiction to probate a will or administer an estate," (even where there is diversity of citizenship between the parties involved in a probate dispute).  Markham v. Allen, 326 U.S. 490, 494 (1946).  See also, Sianis v. Jensen, 294 F.3d 994, 998 (8th Cir. 2002) (noting that an "unabashed assault on a previously probated will is foreclosed under the probate exception").  Given the nature of the relief that Plaintiff is seeking, it appears that this action would have to be summarily dismissed even if judicial immunity were for some reason inapplicable.

[3] Under the PLRA, prisoners may be excused from pre-paying the full amount of the applicable filing fee before filing an action.  However, 28 U.S.C. § 1915(b) clearly states that prisoners "shall be required to pay the full amount of the filing fee."   In other words, prisoners are permitted to file actions without paying the full filing fee in advance, but they still remain liable for the fee. Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998) ("[t]he purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time").  Nothing in the PLRA suggests that the dismissal of a prisoner's action would extinguish the ultimate obligation to pay the filing fee.  See In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997) ("the PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal").

1915(b)(2).  The Court further finds that the dismissal of this action should count as a "strike" against Plaintiff for purposes of 28 U.S.C. § 1915(g).

## IV.  RECOMMENDATION

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

1.  Plaintiff's application to proceed in forma pauperis, (Docket Nos. 2 and 4), be **DENIED**;

2.  This action be **SUMMARILY DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1);

3.  Plaintiff be required to pay the unpaid balance of the Court filing fee, namely the full $250.00, in accordance with 28 U.S.C. § 1915(b)(2); and

4.  For purposes of 28 U.S.C. § 1915(g), this action be dismissed "on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted."

Dated: February 6, 2006                              s/Jeanne J. Graham

                                                     JEANNE J. GRAHAM
                                                     United States Magistrate Judge

Pursuant to D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by February 24, 2006.  A party may respond to the objections within ten days after service thereof. Any objections or responses filed under this rule shall not exceed 3,500 words.  A District Judge shall make a de novo determination of those portions to which objection is made.  Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the United States Court of Appeals for the Eighth Circuit.  Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed within ten days a complete transcript of the hearing.